FILED
 2011 May-02 PM 03:31
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLARK KENT MAIDEN,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 10-J-2877-S |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying him disability insurance benefits and supplemental security income.  The case is now properly before the court.  See 42 U.S.C. § 405.

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 52 years old, and had completed the tenth grade (R. 62).  The plaintiff alleged an inability to work due to his legs swelling, pain in his legs, knees and ankles, and back pain due to a bullet in his back (R. 64).  The ALJ found that the plaintiff does have impairments which are severe but do not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404  (R. 23).  He found that the plaintiff had the residual functional capacity to perform a limited range of light work, with limitations of no bilateral leg push or pull operations, no driving, and no exposure to unprotected heights or frequent bending, stooping and climbing (R. 26-27).  Based on these limitations and the Vocational Expert's testimony, the ALJ found that the plaintiff could return to his past

relevant work as a landscape laborer and fast food worker (R. 27). The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff argues that the ALJ's RFC findings are not based on substantial evidence and are not based on medical opinion. Plaintiff's memorandum at 5, 8. The court finds that the ALJ did consider the more limited physical RFC set forth by the plaintiff, but found plaintiff's testimony regarding his limitations not to be entirely credible (R. 25). Specifically, the ALJ found the plaintiff's testimony undermined by his receipt of unemployment compensation (R. 25).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The ALJ found that plaintiff's receipt of unemployment compensation undermined his credibility regarding his physical limitations. As another district court has found:

> A claimant's application for unemployment compensation benefits adversely affect his credibility since such an application requires one to hold himself out as available, willing, and able to work. *Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir.1997). Therefore, by applying for unemployment compensation benefits, a claimant necessarily indicates that he is able to do work; this is some evidence, though not conclusive, to negate the claimant's allegation that he was disabled during that time. *Id.; see Johnson v. Charter*, 108 F.3d 178, 180 (8th Cir.1997).

*Santillo v. Commissioner of Social Sec.*, 2010 WL 5697342, 19 (M.D.Fla.2010).

"Credibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir.2005).  It is well within the province of the ALJ both to note the inconsistency of plaintiff claiming he was able to work for the purpose of obtaining unemployment benefits, and claiming he was unable to work to obtain disability benefits; and to conclude the same undermined the plaintiff's credibility.

Without redeciding the facts or reweighing them, this court can find no basis upon which to reverse the decision of the ALJ.  See e.g., *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990).  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 2nd of May, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE